UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO GARCIA-WEHR,

Petitioner,

v.

R. GROUNDS, Warden,

Respondent.[1]

Case No. 15-cv-00370-VC  (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

Armando Garcia-Wehr has filed a *pro se* petition for a writ of habeas corpus challenging the validity of his state criminal conviction.

## PROCEDURAL BACKGROUND

On August 5, 2010, a jury convicted Garcia-Wehr of second degree murder with an enhancement for intentionally and personally discharging a firearm causing great bodily injury or death. On February 18, 2011, he was sentenced to forty years to life in prison. He appealed, asserting the following claims: the prosecutor's peremptory strike of an African-American juror violated *Batson v. Kentucky*, 476 U.S. 79 (1986); juror misconduct; prosecutorial misconduct; and instructional errors. On November 6, 2012, in an unpublished decision, the California Court of Appeal affirmed the judgment. His petition for review in the California Supreme Court was summarily denied on February 13, 2013.

On April 29, 2014, Garcia-Wehr filed a habeas petition in the Contra Costa County Superior Court asserting the following claims: ineffective assistance of trial and appellate counsel; insufficient evidence supported the conviction; violation of due process based on judicial bias; and cumulative error. The petition was denied on June 26, 2014. On July 9, 2014, Garcia-Wehr filed a habeas petition in the California Court of Appeal, which was denied for failure to demonstrate

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden William Muniz as Respondent because he is Petitioner's current custodian.

1  exhaustion in the Superior Court.  Garcia-Wehr's second habeas petition in the Court of Appeal
2  was denied on the ground that the claims were procedurally barred for untimeliness and other
3  reasons and, in any event, Garcia-Wehr did not "articulate a prima facie case for relief."  Ex. 11.
4  The California Supreme Court summarily denied the petition on January 14, 2014.  Ex. 12.

On January 20, 2015, Garcia-Wehr filed this federal petition asserting the aforementioned claims and an additional claim challenging the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  He also requests an evidentiary hearing.  On April 8, 2015, the Court ordered respondent to show cause why the petition should not be granted.  On June 2, 2015, Garcia-Wehr filed a motion to stay this petition to exhaust two claims in state court, which the Court denied on the ground that the claims had been exhausted.  The fully-briefed petition is now before the Court for review.  Because the claims lack merit, the petition is denied as is the request for an evidentiary hearing.

## STANDARD OF REVIEW

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Under AEDPA, a district court may not grant habeas relief unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  This is a highly deferential standard for evaluating state court rulings: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Additionally, habeas relief is warranted only if the constitutional error at issue "'had substantial and injurious effect or influence in determining the jury's verdict.'"  *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d). *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In this case, the California Court of Appeal is the highest court to issue a reasoned decision on Garcia-Wehr's claims on direct review.

On habeas review, the California Superior Court issued a reasoned decision on the prosecutorial misconduct claim. The other claims were denied by the Court of Appeal as procedurally defaulted and for failure to articulate a prima facie case for relief. The standard of review under AEDPA is different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim. When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Plascencia v. Alameida*, 467 F.3d 1190, 1197-98 (9th Cir. 2006). This independent review is not de novo review; the ultimate question is still whether the state court applied federal law in an objectively reasonable manner. *Kyzar v. Ryan*, 780 F.3d 940, 949 (9th Cir. 2015).

## DISCUSSION

The trial proceedings and the evidence presented against Garcia-Wehr are described thoroughly by the California Court of Appeal in its opinion upholding the conviction on direct appeal. *See People v. Garcia-Wehr*, 2012 WL 5412939, *1-3 (Cal. App. Nov. 6, 2012) (unpublished). This Court now rules as follows on the claims presented by the habeas petition:

- The Ninth Circuit has already rejected Garcia-Wehr's contention that AEDPA is unconstitutional. *See Crater v. Galaza*, 491 F.3d 1119, 1126, 1129 (9th Cir. 2007).
- Even if Garcia-Wehr's claim for insufficiency of the evidence is not procedurally defaulted, it fails on the merits. The California Court of Appeal accurately described the evidence presented at trial, and in light of that evidence there would be no basis for concluding that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In particular, a jury could have inferred that Garcia-Wehr acted with "wanton disregard" for human life, which

3

would support his conviction for second degree murder. *People v. Dellinger*, 49 Cal.3d 1212, 1218 (1989). And although Garcia-Wehr argues that the witnesses against him were not truthful, "a jury's credibility determinations are entitled to near-total deference." *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

- The decision by the California Court of Appeal to reject Garcia-Wehr's *Batson* claim was not unreasonable. *See Briggs v. Grounds*, 682 F.3d 1165, 1171 (9th Cir. 2012) (trial judge who observes prosecutor's demeanor is in best position to evaluate prosecutor's credibility); *Gonzalez v. Brown*, 585 F.3d 1202, 1210 (9th Cir. 2009) (that African-American jurors remained on panel is evidence of nondiscriminatory motive); *Turner v. Marshall*, 121 F.3d 1248, 1251 (9th Cir. 1997) (prosecutor's acceptance of other African-Americans on jury indicative of nondiscriminatory motive).

- The decision by the California Court of Appeal to reject Garcia-Wehr's claims relating to juror bias was not unreasonable. *See Tracy v. Palmateer*, 341 F.3d 1037, 1045 (9th Cir. 2003) (Supreme Court authority does not require court to hold hearing on every claim of juror bias); *Sims v. Rowland*, 414 F.3d 1148, 1155 (9th Cir. 2005) (same) *Hedlund v. Ryan*, 815 F.3d 1233, 1247 (9th Cir. 2016) (so long as state trial court's fact-finding process is objective and reasonably explores issues, findings based on that investigation entitled to presumption of correctness); *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974) (juror misconduct claim requires new trial only where misconduct is so prejudicial that defendant has not received fair trial).

- Garcia-Wehr's claim that the trial court's failure to grant his petition for juror contact information under California Code of Civil Procedure sections 206(g) and 237(b) does not raise a federal issue. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal courts not authorized to reexamine state court determinations of state law).

- The Court of Appeal's conclusion that the prosecutor did not cause Garcia-Wehr, during cross-examination, to state that he had invoked his right to remain silent was not unreasonable. *See Doyle v. Ohio,* 426 U.S. 610, 611 (1976) (post-arrest silence after *Miranda* warnings cannot be commented upon or used by prosecution for impeachment);

4

1    *Greer v. Miller,* 483 U.S. 756, 763 (1987) (same); *Cook v. Schriro*, 538 F.3d 1000, 1022
2    (9th Cir. 2008) (no *Doyle* violation where defendant invited the error).

- Even if the prosecutor's remark during closing argument suggesting that the defense had suborned perjury from a witness crossed the line, this isolated incident did not render the trial unfair. *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987) (isolated comment failed to cause due process violation); *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1151 (9th Cir. 2012) (prosecutor's suggestion that defense counsel "tried to slip in some stuff" did not render trial unfair); *Johnson v.Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (even if prosecutor's remark constituted misconduct, it did not have substantial and injurious effect or influence on jury's verdict). *See also Greer*, 483 U.S. at 766 n.8 (even if prosecutor's actions constituted misconduct, when curative instruction issued, court presumes jury has disregarded inadmissible evidence inadvertently presented and no due process violation occurred).

- There is no indication the prosecutor knowingly presented perjured testimony from Officer Chang. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1423 (9th Cir. 1995) (prosecutor not accountable for discrepancies in testimony where no evidence suggests prosecutorial misconduct); *Morales v. Woodford*, 388 F.3d 1159, 1179 (9th Cir. 2004) (petitioner must establish factual basis for government's knowledge that testimony was perjured).

- To the extent Garcia-Wehr's claims of instructional error raise federal issues at all, *see Estelle*, 502 U.S. at 67-68, the California Court of Appeal's decision to reject those claims on direct appeal was not unreasonable.

- Assuming Garcia-Wehr's claims for ineffective assistance of trial counsel are not procedurally defaulted, those claims do not warrant habeas relief. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (doubly deferential standard of review used on federal habeas review of ineffective assistance of counsel claims). The failure to object to prosecutorial misconduct was not a *Strickland* violation because, as discussed above, the alleged instances of misconduct were not really misconduct, and even if they were, they did not have a significant impact on the trial. With respect to the expert testimony, counsel

actually elicited on cross-examination the facts Garcia-Wehr claims counsel failed to establish.

- Garcia-Wehr's claim for ineffective assistance of appellate counsel, based on counsel's failure to raise some of the arguments Garcia-Wehr later raised in his various habeas petitions, fails because the arguments appellate counsel failed to raise were not strong ones.

- Garcia-Wehr has not shown he is entitled to an evidentiary hearing in connection with his federal habeas petition. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (when state court record precludes habeas relief under § 2254(d), district court not required to hold evidentiary hearing).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Garcia-Wehr's petition for a writ of habeas corpus is denied. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2. The Clerk shall substitute William Munitz as Respondent.

3. The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

Dated: June 29, 2016

VINCE CHHABRIA
United States District Judge